IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES KUCERA, JR.,**

        **Petitioner,**

    v.                  CASE NO.  07-3042-RDR

**DUKE TERRELL, WARDEN,**

        **Respondent.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed and the filing fee was paid by petitioner when he was an inmate at the United States Penitentiary, Leavenworth, Kansas. Mr. Kucera has since been transferred and is currently confined at the United States Penitentiary, Marion, Illinois. Petitioner claims he was denied due process in connection with prison disciplinary proceedings stemming from an incident on July 31, 2005, while he was confined at the Federal Correctional Institute in Greenville, Illinois. His main claim is that certain witnesses were not called to testify at his hearing.

Petitioner challenged the same disciplinary proceedings in a prior action before this court. See Kucera v. Terrell, No. 06-3208-RDR (D.Kan. Aug. 11, 2006), aff'd, No. 06-3304 (10th Cir. Feb. 12, 2007). Petitioner states in the current petition that his prior Section 2241 petition "concerned the same DHO hearing." However, he also alleges that the prior action "raised similar, but not identical grounds for relief."

Under 28 U.S.C. § 2244(a), "a district court may dismiss a

petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously passed on the legality of the petitioner's detention in a prior habeas application and no new claim is raised." Thunder v. U.S. Parole Com'n, 165 Fed.Appx. 666, 668 (10th Cir. 2006, unpublished)[1], *citing* George v. Perrill, 62 F.3d 333, 334 (10th Cir. 1995); see Ackerman v. Novak, 483 F.3d 647, 650 (10th Cir. 2007). Furthermore, where "the second or successive petition raises a new claim that could have been raised previously, the abuse-of-the-writ doctrine applies." Thunder, 165 Fed.Appx. at 668, *citing* McCleskey v. Zant, 499 U.S. 467, 483-84 (1991)(The Supreme Court has made clear that the abuse-of-the-writ doctrine - where a court refuses to entertain a second or subsequent petition because it raises new claims which should have been raised previously - applies to § 2241 petitions.); see also, George, 62 F.3d at 334-35; Davis v. Fechtel, 150 F.3d 486, 491 (5th Cir. 1998)(A successive 2241 petition clearly constitutes an abuse of the writ either under pre- or post- AEDPA jurisprudence.); Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998)(28 U.S.C. § 2244(a) bars successive petitions pursuant to 28 U.S.C. § 2241, which are directed at the same issue.").

   Mr. Kucera will be given time to show cause why this petition should not be dismissed as a successive and abusive writ. Unless he can show cause and prejudice, or a fundamental miscarriage of justice, this action must be dismissed.

---

[1] A copy of this unpublished opinion is attached hereto in conformance with rules of the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as successive and abusive.

**IT IS SO ORDERED.**

DATED:  This 26th day of September, 2007, at Topeka, Kansas.

<u>s/RICHARD D. ROGERS</u>
United States District Judge