```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JAMES KUCERA, JR.,**

                    **Petitioner,**

          v.                              CASE NO. 07-3042-RDR

**DUKE TERRELL, WARDEN,**

                    **Respondent.**

## O R D E R

On September 26, 2007, this court ordered Mr. Kucera to show cause why this habeas corpus petition filed under 28 U.S.C. § 2241 should not be dismissed as successive and abusive. Petitioner was informed that unless he could show cause and prejudice, or a fundamental miscarriage of justice, this action should be dismissed.

Petitioner has filed a timely response to the court's order in which he complains of the dismissal of his prior action. He asserts that the court in the prior action assumed a fact not in evidence and improperly denied his petition without issuing a show cause order[1] to respondents[2]. The court finds that petitioner's

---

[1] There is no statutory or other legal requirement that respondents be made to answer a Section 2241 petition which fails to state a federal constitutional violation.

[2] Petitioner also complains of "disparate" treatment allegedly accorded the Section 2241 petition filed by another inmate charged in the same incident, citing Branum v. Terrell, No. 06-3223-RDR (Oct. 23, 2007). However, that action included the claim that the BOP prevented Mr. Branum from properly requesting witnesses. In any event, Branum's petition was recently dismissed on the same grounds as Mr. Kucera's.

allegations do not amount to good cause, and this action should be dismissed as successive and abusive.

Petitioner mainly complained in this and his prior habeas petition that the reporting officer and another adverse witness were not called to testify at his prison disciplinary hearing. He argues he should be allowed to proceed on this successive and abusive writ because in his prior action this court assumed he had not listed these two adverse witnesses. He claims that assumption was incorrect in that he subsequently alleged he was handcuffed and the BOP refused to list them. Certainly, it would be inappropriate for the BOP to either prevent an inmate from listing, or refuse to include on a list, witnesses that an inmate desired at his disciplinary proceeding. However, as the court found in its prior order dismissing Mr. Kucera's challenge to the disciplinary proceedings in question:

> [T]he responses to petitioner's administrative appeal indicate he did not object to the absence of these witnesses at his hearing, and even if he had they would have been denied as adverse witnesses. The court concludes petitioner has not shown he requested CO Braye and Neese as witnesses in accord with BOP procedures, or that the hearing officer wrongfully failed to call these two witnesses at his disciplinary hearing.

Kucera v. Terrell, Case No. 06-3208-RDR (Aug. 11, 2006), aff'd, Case No. 06-3304 (10th Cir. Feb. 12, 2007). The court also reasoned in its prior order:

> An inmate in a prison disciplinary proceeding has no constitutional right to cross-examine the officer who wrote the incident report or to have adverse witnesses appear at the hearing for cross-examination. Wolff, 418 U.S. at 567-68

2

>   ("[A]dequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.").

Id. The court reiterates that petitioner alleged he made prison officials aware of the witnesses he desired, and they refused to provide those witnesses. He did not merely file a brief statement of his claims in the prior action, and presents no sufficient cause for his failure to include the claim that he was prevented from requesting two witnesses in the sixty pages of his supporting memorandum and attachments. Instead, he claimed he requested these particular witnesses and his requests were denied. Petitioner's allegations clearly indicated he knew the BOP regulations precluded him from calling the adverse witnesses in question, and he challenged the BOP's position despite long-standing Supreme Court precedent contrary to his challenge. Petitioner's disagreement with the prior rulings of this court do not amount to good cause for this court to consider a successive and abusive petition.

The court concludes petitioner's allegations and complaints made in response to this court's order to show cause fail to demonstrate that the instant action should not be dismissed as successive and abusive.

**IT IS THEREFORE ORDERED** that this action is dismissed as successive and abusive, and all relief is denied.

**IT IS SO ORDERED.**

DATED: This 29th day of October, 2007, at Topeka, Kansas.

3

<u>s/RICHARD D. ROGERS</u><br>
United States District Judge